### AMERICAN RY. EXPRESS CO. v. ISLAND & GYPSUM FRUIT CO.

(Circuit Court of Appeals, Sixth Circuit. June 13, 1924.)

No. 4008.

1. **Carriers** ⚖➝76—**Consignor held entitled to maintain action for damage to shipment.**

   The fact that plaintiff, before making a shipment of fruit by defendant express company, had sold the same to the consignees f. o. b. place of shipment, *held* not to defeat its right to maintain an action for damages for negligent delay in transportation, causing damage to the fruit, where because of such damage the consignees refused to accept it, plaintiff released them from their contracts, and the fruit was sold for its account.

2. **Carriers** ⚖➝137—**Instructions in action against express company for damage to shipment approved.**

   Instructions submitting to the jury the question whether a shipment of peaches was delivered to defendant express company as express matter, to be carried in the express service, and instructing them that, if they so found, defendant was required to carry and deliver them within the usual and customary time of express service, *held* correct.

In Error to the District Court of the United States for the Western Division of the Northern District of Ohio; Paul Jones, Judge.

Action at law by the Island & Gypsum Fruit Company against the American Railway Express Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Donald Melhorn, Toledo, Ohio (Marshall & Fraser, H. W. Fraser, and H. A. Kesler, all of Toledo, Ohio, on the brief), for plaintiff in error.

Geo. A. True, of Port Clinton, Ohio (True, Crawford & True, of Port Clinton, Ohio, on the brief), for defendant in error.

Before DENISON and DONAHUE, Circuit Judges, and TUTTLE, District Judge.

TUTTLE, District Judge. Defendant in error (the plaintiff below, and hereinafter called plaintiff), the Island & Gypsum Fruit Company, an Ohio corporation engaged in the business of selling and shipping fruit, brought this action against the plaintiff in error (the defendant below, and hereinafter called defendant), the American Railway Ex-

---

⚖➝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

press Company, a Delaware corporation engaged in the business of transporting goods for hire as a common carrier by express, to recover damages claimed to have been sustained by plaintiff as a result of an alleged unreasonable delay on the part of defendant in the carriage and delivery by it of certain carloads of fruit for the plaintiff. The action was commenced in the court of common pleas for Ottawa county, Ohio, and thereafter duly removed by the defendant to the United States District Court for the Northern District of Ohio, where plaintiff recovered a verdict at the hands of a jury, and a judgment thereon for $4,242.91, the full amount claimed. To review such judgment defendant has brought the case to this court by writ of error, and complains of various rulings of the trial court in the refusal to direct a verdict for defendant, in the instructions given to the jury, and in the admission of evidence on the trial.

Whether there was error in any of the rulings thus challenged depends upon the correctness of the following contentions advanced on behalf of the defendant: (1) That plaintiff was not entitled to bring this action, because at the time of its shipment of the fruit in question it had sold such fruit to the consignees thereof, and therefore had no interest therein sufficient to support a recovery of the damages claimed, which could be recovered only by such consignees, if at all; and (2) that plaintiff failed to show by competent, sufficient evidence that defendant was guilty of any unreasonable delay in shipment which was the cause of damage to the fruit in question.

[1] 1. In the petition by which the action was commenced it is alleged, with proper particularity, that the defendant "agreed to carry safely, by express, for the plaintiff," six carloads of peaches (described in the petition), and to deliver them, within a reasonable time, to the named consignees, at the designated places (as set forth in the petition), for which "plaintiff agreed to pay to said defendant," and did cause to be paid to it, the agreed charges; that defendant failed to carry and deliver such peaches within a reasonable time, as so agreed; and that "by reason thereof said peaches became overripe and decayed, and the plaintiff has been damaged thereby" in the amount already mentioned. There was substantial evidence on the trial in support of all of these allegations. It is undisputed that plaintiff arranged with defendant for the shipment of this fruit, and received from defendant the express receipt issued by it. It is true that such receipt recited that its provisions should inure to the benefit of, and be binding upon, both the consignor and the consignee; and it is also true that the evidence shows that just prior to the making of the shipment plaintiff had sold the fruit to the persons to whom it was so shipped, f. o. b. place of shipment. It is, however, conclusively shown by the record (and appears to be undisputed) that, immediately on the arrival of such fruit at its destination, the purchasers to whom it was consigned examined it and refused to accept any of it, on the ground that it was soft and unfit for the use for which it was sold, and that plaintiff, being promptly so notified, consented that all of the fruit might be disposed of for its account and the purchasers released from all obligations under their purchase. It is clear from the

evidence that any sale of the fruit by plaintiff to the consignees which may have been consummated was effectually rescinded by agreement between the parties to such sale, and that whatever right, title, or interest in such fruit, or in any cause of action for injury thereto, which might have belonged to the purchasers, was thereby vested and confirmed in plaintiff. Savannah, Florida & Western Railway Co. v. Commercial Guano Co., 103 Ga. 590, 30 S. E. 555; 10 Corpus Juris, 348. There is, therefore, no occasion to decide whether under different circumstances plaintiff could have maintained this action merely as consignor or shipper. Nor need we consider the argument of defendant to the effect that the consignees were not entitled, as between the consignor and consignee, to refuse acceptance of the fruit in controversy, as defendant is not in a position to raise that question. It is enough for the purposes of this case that plaintiff, as the seller, acquiesced in the asserted exercise, by the purchasers, of the claimed right of rejection, and thereby acquired whatever right to sue the defendant such purchasers may have theretofore possessed. 4 Ruling Case Law, 943 et seq.

[2] 2. The careful examination which we have devoted to the entire record satisfies us that defendant has no cause for any complaint. The trial court correctly instructed the jury (and there was ample evidence making such instructions applicable) that they must determine as a question of fact whether the defendant accepted these peaches for delivery in express service, to be carried as express and to be delivered within the time that express shipments were customarily and ordinarily delivered between the points of shipment and of destination respectively; that if they found from the evidence that the defendant accepted such peaches, as an express company and for express service, it was required to carry and deliver them within the usual and customary time in which shipments of merchandise of like character were ordinarily and customarily shipped by express; that the question as to what would be such reasonable time would depend upon the time of delivery to the express company, the distance over which the peaches were to be carried, and the usual and customary facilities and routes for transporting such merchandise; that if the jury found, from the greater weight of the evidence, that plaintiff delivered these peaches to the defendant, and the latter accepted them for express shipment, and, when so delivered and accepted, they were in good marketable and salable condition, and defendant failed to deliver them at their destination within a reasonable time, and as a direct result thereof they became spoiled and unfit for the market for which they were to be used, plaintiff would be entitled to recover; and that if such peaches were not in good condition when so delivered to the express company, by reason of the manner in which the plaintiff packed them, or because of their condition or age when placed in the cars, or if they were otherwise spoiled by the plaintiff by the manner in which it packed them in such cars, then plaintiff would not be entitled to recover. There was abundant evidence which warranted the court in submitting the case to the jury, and which justified the jury in awarding a verdict in favor of the plaintiff. A recital of such evidence

here would serve no useful purpose, although all of it has received careful consideration. The legal rights and duties of shippers and common carriers by express, in so far as they are involved in the present case, are so well settled and so generally understood as to call for neither comment nor the citation of authorities here.

We find no error in the record, and the judgment accordingly is affirmed.